Filed 7/1/26  Cooper v. Octapharma Plasma CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| TAWANA JEAN COOPER, | B348357 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. 23NWCV01923) |
| OCTAPHARMA PLASMA, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lee W. Tsao, Judge. Affirmed.

Tawana Jean Cooper, in pro. per., for Plaintiff and Appellant.

Hogan Lovells US, Tao Y. Leung and Harmony R. Gbe for Defendants and Respondents.

_____

Plaintiff Tawana Jean Cooper appeals the trial court's order declaring her a vexatious litigant and prohibiting her from initiating litigation in a California court in propria persona without obtaining permission from that court's presiding judge or justice. (See Code Civ. Proc.,[1] §§ 391, subd. (b), 391.7.) We affirm.[2]

## BACKGROUND

In June 2023, Cooper sued her former employer Octapharma Plasma, Inc. (Octapharma) and her former supervisor Caitlin Ryan (collectively, Defendants), alleging they violated an oral agreement that Cooper would work a part-time, late afternoon to evening, schedule of no more than five hours per shift.

On October 2, 2023, Octapharma served its responses to Cooper's first set of requests for production and attached a verification form signed by its Senior Manager for Human Resources Karen Singletary. Singletary stated that to the extent she had personal knowledge of the responses, the information was true and correct, and to the extent the matters set forth in the responses were a composite of the information of many individuals, she was informed and believed those matters were true.

On November 22, 2023, Cooper moved to compel a response from Octapharma to her requests for production and for monetary sanctions. Cooper contended the responses were

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] We deny Defendants Octapharma Plasma, Inc., and Caitlin Ryan's request for judicial notice as unnecessary to our resolution of the appeal.

unverified because Octapharma was required to verify its responses *in* the responses and was not permitted to use a verification form. Cooper also argued Singletary's affidavit was hearsay because it was based on information and belief. After Octapharma opposed, Cooper replied, claiming she never received an opposition.

On December 19, 2023, the trial court denied Cooper's motion. The court explained Octapharma properly verified its responses using a verification form and Singletary properly verified the responses on information and belief because corporate parties can verify discovery responses in that manner.

Between March and May 2024, Cooper filed, by our count, some 10 motions to compel and for monetary sanctions against Defendants. These motions repeated that Defendants could not verify their discovery responses using verification forms, and three of these motions repeated that Defendants could not verify the responses on information and belief. Although Defendants opposed the motions, Cooper filed replies stating she did not receive any opposition. The court denied these motions. In the last of these instances, on June 27, 2024, the court sanctioned Cooper $100 for making a motion to compel without substantial justification. Cooper refused to pay the sanctions.

Meanwhile, Defendants filed a motion asking the trial court to declare Cooper a vexatious litigant and impose a prefiling order under section 391.7. Cooper opposed. On July 16, 2024, the court denied Defendants' motion without prejudice, reasoning that at that time the court could not say Cooper was a vexatious litigant.

Between September and October 2024, Cooper filed seven more motions to compel and for monetary sanctions against

3

Defendants, again arguing Defendants could not verify their discovery responses using verification forms. Again, after Defendants opposed, Cooper filed replies stating she did not receive any opposition.

While Cooper's latest motions were pending, on January 3, 2025, Defendants renewed their vexatious litigant motion. On January 15, 2025, Defendants applied ex parte for an order advancing the hearing on their motion. The next day, the trial court granted the application and advanced the hearing to February 19, 2025. On February 10, 2025, Defendants notified the court Cooper did not file an opposition.

On February 13, 2025, Cooper filed a notice claiming Defendants improperly served her with the renewed motion and ex parte application, claiming they did not serve the documents via e-mail as required pursuant to an agreement between the parties. Although Cooper acknowledged Defendants served these documents via FedEx and personal service, she claimed "personnel at [her] mailing address forgot to inform [her] of her deliveries."

On February 18, 2025, Defendants responded to Cooper's notice and submitted proofs of service indicating they served Cooper with the renewed motion via FedEx on January 3, 2025, and personally served Cooper with the ex parte application on January 15, 2025. They also showed e-mail service on Cooper on January 16, 2025.

On February 19, 2025, the trial court granted Defendants' renewed motion and declared Cooper a vexatious litigant. The court first found Defendants properly served Cooper. As for the merits of the motion, the court reasoned: "Given that [Cooper] has repeatedly filed discovery motions raising the same

4

arguments, after rulings which have repeatedly stated that the argument has no basis in law, the Court finds [Cooper] has engaged in tactics which are frivolous and only serve to cause delays. [Cooper] has not adjusted her conduct in this litigation despite numerous rulings, sanctions, and Defendants' attempts to preempt the issue through meet and confer efforts. . . . Accordingly, [Cooper] is a 'vexatious litigant' within the meaning of [section] 391[,] subd[ivision] (b)[(3)]." The court also imposed a prefiling order under section 391.7, subdivision (a) prohibiting Cooper from filing any new litigation in California courts "in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed."

Cooper timely appealed.

## DISCUSSION

Cooper makes two arguments on appeal: (1) the vexatious litigant order is void because the trial court never acquired personal jurisdiction over her; and (2) the record does not support the finding she was a vexatious litigant. We reject both contentions.

## I.    The Vexatious Litigant Order Is Not Void

Cooper's first contention lacks merit. Cooper submitted to the trial court's jurisdiction by filing this action. (See, e.g., *Nobel Farms, Inc. v. Pasero* (2003) 106 Cal.App.4th 654, 658 ["By choosing a particular forum, plaintiff is considered to have voluntarily submitted to the court's jurisdiction 'for all purposes for which justice to the defendant requires his presence' "].)

Cooper argues the trial court never acquired personal jurisdiction over her because Defendants did not properly serve her with the renewed motion and ex parte application and

5

because her challenge to improper service merely constituted a special appearance. But the principles Cooper invokes have no application here because they concern establishing personal jurisdiction over defendants, not plaintiffs. (See, e.g., *Ziller Electronics Lab GmbH v. Superior Court* (1988) 206 Cal.App.3d 1222, 1229; *Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52.)

In any event, the record supports the trial court's finding Defendants properly served Cooper. As Cooper acknowledges, Defendants served her with the renewed motion and the ex parte application via FedEx and personal service. The record also shows Defendants e-mailed Cooper the renewed motion on January 16, 2025. Although Cooper claimed she did not timely receive Defendants' briefing because personnel at her mailing address forgot to inform her of her deliveries, the court was not obligated to accept Cooper's explanation, and we defer to the court's credibility determinations. (See *Lebel v. Mai* (2012) 210 Cal.App.4th 1154, 1159 ["Where . . . an issue is resolved by way of declarations or affidavits, ' "the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed" ' "].)

In short, the vexatious litigant order is not void for lack of jurisdiction or failure to serve Cooper.

## II. Substantial Evidence Supports the Trial Court's Finding that Cooper Was a Vexatious Litigant

"To be declared a vexatious litigant, the plaintiff must come within one of the definitions in section 391, subdivision (b)." (*Goodrich v. Sierra Vista Regional Medical Center* (2016)

6

246 Cal.App.4th 1260, 1265 (*Goodrich*).) Relevant to this appeal, section 391, subdivision (b)(3) defines a vexatious litigant as a person acting in propria persona who "repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (*Ibid.*)

"We review the trial court's order declaring a party to be a vexatious litigant for substantial evidence. [Citation.] We are required to presume the order declaring a litigant vexatious is correct and imply findings necessary to support that designation. [Citation.] A reversal is required only where there is no substantial evidence to imply findings in support of the vexatious litigant designation." (*Goodrich*, *supra*, 246 Cal.App.4th at pp. 1265–1266.)

Here, ample evidence supports the trial court's finding Cooper repeatedly filed unmeritorious motions and engaged in frivolous tactics to cause delay. After the court denied Cooper's first discovery motion, Cooper filed 10 more discovery motions raising the same arguments that had been rejected by the court. Not only did the court deny these motions, it also sanctioned Cooper $100 to convey the message her arguments had no basis in law. Undeterred, Cooper refused to pay the sanctions and filed seven more discovery motions raising the same rejected arguments. This evidence supports the court's conclusion Cooper met the definition of a vexatious litigant. (See *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 226–227 [affirming vexatious litigant determination where the plaintiff repeatedly filed motions identical to motions previously brought and denied].)

Cooper's arguments do not persuade us otherwise. First, Cooper argues her interpretation of the discovery statutes was

correct and thus her conduct was grounded in law. Cooper is mistaken. The trial court is correct parties may verify discovery responses using verification forms rather than in the responses themselves. (See § 2015.5 ["Whenever, under *any* law of this state . . . any matter is required . . . to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same . . . , such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under penalty of perjury" (italics added)].) The court is also correct a corporate party may verify on information and belief discovery responses that necessarily encompass the collective knowledge of numerous individuals. (*Perry v. Kia Motors America, Inc.* (2023) 91 Cal.App.5th 1088, 1097.)

Second, Cooper contends the trial court's finding that she was a vexatious litigant is irreconcilable with its denial of Defendants' first vexatious litigant motion. According to Cooper, nothing changed between the two rulings except for the "court's disagreement with [her] continued insistence on statutory compliance." Not so. When the court denied Defendants' first motion, it had just been several weeks since the court denied Cooper's latest slate of motions and imposed monetary sanctions. The court could have reasonably excused Cooper's initial lay misunderstanding of the discovery statutes and could have reasonably concluded at the time that monetary sanctions were a sufficient remedy for her repeated filings. Cooper, however, disregarded the sanctions and continued to file meritless motions. Thus, when Defendants filed their renewed motion, there was

sufficient evidence for the court to conclude Cooper was a vexatious litigant. (See *Goodrich, supra,* 246 Cal.App.4th at pp. 1267–1268 [affirming vexatious litigant determination, even though the trial court initially declined to declare the plaintiff a vexatious litigant, where the plaintiff disregarded the court's admonition that her arguments were frivolous].)

Finally, Cooper argues what she did below was appropriate persistence in advocating for her right to discovery. Although Cooper may vigorously advocate for her rights and disagree with the trial court, the record supports the court's finding Cooper's litigation tactics went beyond acceptable advocacy. Within a single year, Cooper filed a total of 17 duplicative discovery motions, each making the same arguments that the court had rejected, and repeatedly disregarded the court's sanctions. On this record, there was sufficient evidence for the court to conclude Cooper was a vexatious litigant.

## DISPOSITION

The trial court's vexatious litigant order is affirmed. Defendants are entitled to costs on appeal.


RICHARDSON, J.

WE CONCUR:


CHAVEZ, Acting P. J.


GOORVITCH, J.

9